## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.W., by and through her parent and guardian ROSEANN LABRAKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CDHA MANAGEMENT, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS AND SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT – CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff E.W., by and through her parent and guardian Roseann Labrake ("Plaintiff"), on behalf of all others similarly situated, by and through their undersigned counsel, brings this Class Action Complaint against Defendants CDHA Management, LLC d/b/a Chord Specialty Dental Partners and Spark DSO, LLC d/b/a Chord Specialty Dental Partners ("Chord" or "Defendants"). Plaintiff alleges the following upon information and belief based on and the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## INTRODUCTION

1.    Plaintiff and the proposed Class Members bring this class action lawsuit on behalf of all persons who entrusted Defendants with sensitive Personally Identifiable Information ("PII")[1] and Protected Health Information ("PHI") (collectively "Private Information") that was impacted in a data breach that Defendants publicly disclosed on March 14, 2025 (the "Data Breach" or the "Breach").

---

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual.

2.      Plaintiff's claims arise from Defendants failure to properly secure and safeguard Private Information that was entrusted to them, and their accompanying responsibility to store and transfer that information.

3.      Chord is a dental support organization headquartered in Pennsylvania that provides support services to over 60 dental practices in six states.

4.      Defendants had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on their affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

5.      On or about September 11, 2024, Defendants detected a suspicious activity in their It Network.[2] Upon detection, Defendants launched an investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[3]

6.      Defendants then launched an investigation determine the types of information impacted by the Data Breach, and to whom that information related.[4]

7.      Upon information and belief, a combination of the types of Private Information may have been compromised in the data breach: name, address, Social Security number, driver's license, bank account information, payment card information, date of birth, medical information, and health insurance information.[5]

8.      On March 14, 2025, Defendants issued a notice of public disclosure and began sending notice letters to individuals impacted by the Data Breach.[6]

9.      Defendants failed to take precautions designed to keep individuals' Private Information secure.

---

[2] *Chord Specialty Partners*, Cyber Security Incident Notice, available at: https://www.chordsdp.com/notification-of-data-security-incident/ (last visited May 3, 2025).
[3] *Exhibit 1*: Plaintiff's Notice Letter.
[4] *Id.*
[5] *Chord*, Cyber Security Incident Notice, available at: https://www.chordsdp.com/notification-of-data-security-incident/ (last visited May 3, 2025).
[6] *Id.*

10.     Defendants owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information collected safe and secure from unauthorized access. Defendants solicited, collected, used, and derived a benefit from the Private Information, yet breached their duty by failing to implement or maintain adequate security practices.

11.     Defendants admit that information in their system was accessed by unauthorized individuals, though they provided little information regarding how the Data Breach occurred.

12.     The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their private information and are subject to an increased risk of identity theft.

13.     Defendants failed to use reasonable security procedures and practice appropriate to the nature of the sensitive, unencrypted information they maintained for Plaintiff and Class Members, causing the exposure of Plaintiff and Class Members' Private Information.

14.     As a result of Defendants inadequate digital security and notice process, Plaintiff and Class Members' Private Information was exposed to criminals. Plaintiff and the Class Members have suffered and will continue to suffer injuries including: financial losses caused by misuse of their Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

15.     Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendants failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendants inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach. Defendants conduct amounts to at least negligence and violates federal and state statutes.

16.     Plaintiff brings this action individually and on behalf of a Nationwide Class of

similarly situated individuals against Defendants for: negligence; negligence *per se*; unjust enrichment, breach of implied contract, and breach of confidence.

17.     Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of themselves and all similarly situated persons whose personal data was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendants inadequate data security practices.

## PARTIES

### *Plaintiff*

18.     Plaintiff E.W., a minor, is a citizen and resident of Kutztown, Pennsylvania.

### *Defendants*

19.     Defendant Spark DSO, LLC, is a Pennsylvania Limited Liability Company, with its principal place of business located at 300 Willowbrook Ln, Ste 330, West Chester, Pennsylvania, 19382.

20.     Defendant CDHA Management, LLC is a Delaware corporation, with its principal place of business located at 300 Willowbrook Ln, Ste, 330, West Chester, Pennsylvania, 19382. Defendant's Registered Agent is The Corporation Trust Company located at 1209 Orange St. Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs. Upon information and belief, the number of Class Members is over 100,000, many of whom have different citizenship from Defendant. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

22.     This Court has general personal jurisdiction over Defendants because they are entities operating in this District and the acts and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

23.     Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2), and 1391(c)(2) because Defendants maintain their principal place of business within this District and because a substantial part of the acts or omissions giving rise to this action occurred within this District.

<u>FACTUAL ALLEGATIONS</u>

**A. Background on Defendant**

24.     Chord is a dental support organization headquartered in Pennsylvania that provides support services to over 60 dental practices in six states.

25.     Upon information and belief, Defendants made promises and representations to individuals', including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.[7]

26.     Plaintiff and Class Members provided their Private Information to Defendants with the reasonable expectation and on the mutual understanding that Defendants would comply with its obligations to keep such information confidential and secure from unauthorized access.

27.     As a result of collecting and storing the Private Information of Plaintiff and Class Members for its own financial benefit, Defendants had a continuous duty to adopt and employ reasonable measures to protect Plaintiff and the Class Members' Private Information from disclosure to third parties.

**B. The Data Breach**

28.     On or about September 11, 2024, Defendants detected a suspicious activity in their It Network.[8] Upon detection, Defendants launched an investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[9]

---

[7] *Chord*, Privacy Policy https://www.chordsdp.com/privacy-policy/(last visited May 5, 2025).
[8] *Chord Specialty Partners*, Cyber Security Incident Notice, available at: https://www.chordsdp.com/notification-of-data-security-incident/ (last visited May 3, 2025).
[9] *Exhibit 1*: Plaintiff's Notice Letter.

29.     Defendants then launched an investigation determine the types of information impacted by the Data Breach, and to whom that information related.[10]

30.     Upon information and belief, a combination of the types of Private Information may have been compromised in the data breach: name, address, Social Security number, driver's license, bank account information, payment card information, date of birth, medical information, and health insurance information.[11]

31.     On March 14, 2025, Defendants issued a notice of public disclosure and began sending notice letters to individuals impacted by the Data Breach.[12]

32.     Defendants failed to take precautions designed to keep individuals' Private Information secure.

33.     While Defendants sought to minimize the damage caused by the Data Breach, they cannot and have not denied that there was unauthorized access to the sensitive Private Information of Plaintiff and Class Members.

34.     Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**C. Defendants Failure to Prevent, Identify, and Timely Report the Data Breach**

35.     Defendants admit that an unauthorized third party accessed their IT Network. Defendants failed to take adequate measures to protect their computer systems against unauthorized access.

36.     The Private Information that Defendants allowed to be exposed in the Data Breach are the types of private information that Defendants knew or should have known would be the target of cyberattacks.

---

[10] *Id.*
[11] *Chord*, Cyber Security Incident Notice, available at: https://www.chordsdp.com/notification-of-data-security-incident/ (last visited May 3, 2025).
[12] *Id.*

37.     Despite their own knowledge of the inherent risks of cyberattacks, and notwithstanding the FTC's data security principles and practices,[13] Defendants failed to disclose that their systems and security practices were inadequate to reasonably safeguard individuals' Private Information.

38.     The FTC directs businesses to use an intrusion detection system to expose a breach as soon as it occurs, monitor activity for attempted hacks, and have an immediate response plan if a breach occurs.[14] Immediate notification of a Data Breach is critical so that those impacted can take measures to protect themselves.

39.     Here, Defendants waited six months after being made aware of the Data Breach to notify impacted individuals.

**D.  The Harm Caused by the Data Breach Now and Going Forward**

40.     Victims of data breaches are susceptible to becoming victims of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(9). When "identity thieves have your personal information, they can drain your bank account, run up charges on your credit cards, open new utility accounts, or get medical treatment on your health insurance."[15]

41.     The types of data that may have been accessed and compromised here can be used to perpetrate fraud and identity theft.

42.     Plaintiff and Class Members face a substantial risk of identity theft given that their Private Information was compromised in the Data Breach.

43.     Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law

---

[13] *Protecting Personal Information: A Guide for Business,* FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business. (last visited May 5, 2025).
[14] *Id.*
[15] *Prevention and Preparedness*, New York State Police, https://troopers.ny.gov/prevention-and-preparedness (last visited May 5, 2025).

enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

44.    When malicious actors infiltrate companies and copy and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web where malicious actors buy and sell that information for profit.[16]

45.    For example, when the U.S. Department of Justice announced their seizure of AlphaBay—the largest online "dark market"—in 2017, AlphaBay had more than 350,000 listings, many of which concerned stolen or fraudulent documents that could be used to assume another person's identity."[17] Marketplaces similar to the now-defunct AlphaBay continue to be "awash with [PII] belonging to victims from countries all over the world."[18]

46.    PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[19] Criminals can also purchase access to entire company data breaches from $900 to $4,500.[20]

47.    According to the FBI's Internet Crime Complaint Center (IC3) 2019 Internet Crime Report, Internet-enabled crimes reached their highest number of complaints and dollar losses in 2019, resulting in more than $3.5 billion in losses to individuals and business victims.[21]

---

[16] *Shining a Light on the Dark Web with Identity Monitoring*, IDENTITYFORCE (Dec. 28, 2020) https://www.identityforce.com/blog/shining-light-dark-web-identity-monitoring (last visited May 5, 2025).
[17] *Stolen PII & Ramifications: Identity Theft and Fraud on the Dark Web*, ARMOR (April 3, 2018), https://res.armor.com/resources/blog/stolen-pii-ramifications-identity-theft-fraud-dark-web/ (last visited May 5, 2025).
[18] *Id.*
[19] *Id.*
[20] Bryan Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015) https://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-identity-theft (last visited May 5, 2025).
[21] *2019 Internet Crime Report Released*, FBI (Feb. 11, 2020) https://www.fbi.gov/news/stories/2019-internet-crime-report-released-021120#:~:text=IC3%20received%20467%2C361%20complaints%20in,%2Ddelivery%20scams%2C%20and%20extortion (last visited May 5, 2025).

48.     Further, according to the same report, "rapid reporting can help law enforcement stop fraudulent transactions before a victim loses the money for good."[22] Defendants did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen. Defendants notified impacted people six months after learning of the Data Breach.

49.     As a result of the Data Breach, the Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendants Data Breach, include: (a) theft of their Private Information; (b) costs associated with the detection and prevention of identity theft; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendants with the mutual understanding that Defendants would safeguard their Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Private Information, which remains in the possession of Defendants, and which is subject to further injurious breaches so long as Defendants fail to undertake appropriate and adequate measures to protect Plaintiff and Class Members' Private Information.

50.     In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

51.     Defendants disregarded the rights of Plaintiff and Class Members by (a) intentionally, wilfully, recklessly, or negligently failing to take adequate and reasonable measures

---

[22] *Id.*

to ensure that their network servers were protected against unauthorized intrusions; (b) failing to disclose that they did not have adequately robust security protocols and training practices in place to safeguard Plaintiff and Class Members' Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

52.     The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft, identity fraud and/or medical fraud directly or proximately caused by Defendants wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

**E.  Plaintiff's Experience**

53.     Plaintiff is a patient of Defendants. On March 14, 2025, Defendants sent Plaintiff a notice letter informing her that her Private Information was compromised in the Data Breach.

54.     As a condition of receiving services from Defendants. Plaintiff provided her Private Information to Defendants - including name, Social Security number, date of birth, health insurance information, and/or clinical or treatment information.

55.     Defendants were in possession of Plaintiff's Private Information before, during and after the Data Breach.

56.     Plaintiff reasonably understood and expected that Defendants would safeguard her Private Information and timely and adequately notify her in the event of a data breach. Plaintiff would not have allowed Defendants, or anyone in Defendants' position, to maintain her Private

Information if she believed that Defendants would fail to implement reasonable and industry standard practices to safeguard that information from unauthorized access.

57.    Plaintiff has a continuing interest in ensuring that her Private Information, which upon information and belief, remains in Defendants' possession, is protected and safeguarded from future breaches.

58.    As a direct and traceable result of the Data Breach, Plaintiff suffered actual injury and damages after her Private Information was compromised and stolen in the Data Breach, including, but not limited to: (a) loss of privacy due to her Private Information being accessed and stolen by cybercriminals; (c) loss of the benefit of the bargain because Defendants did not adequately protect her Private Information; (e) imminent and impending injury arising from the increased risk of fraud and identity theft now that her Private Information has been stolen and likely published on the dark web; (f) diminution in the value of his Private Information, a form of intangible property that Defendants obtained from Plaintiff and (g) other economic and non-economic harm.

## CLASS ALLEGATIONS

59.    Plaintiff brings this class action, individually and on behalf of the following Nationwide Class:

> All persons in the United States who were impacted by the Data Breach publicly announced by Defendants in March 2025 (the "Class").

60.    Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

61.    Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

62.    This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

63.    <u>Numerosity</u>: The Members of the Class are so numerous that joinder of all of them is impracticable. The exact number of Class Members is unknown to Plaintiff now, but Defendants have provided notice to the US Department of Health and Human Services Office For Civil Rights that the number includes at least 173,430 individuals.[23]

64.    <u>Typicality of Claims</u>: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had her Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and her claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to the harm suffered by all other Class Members, which was caused by the same misconduct by Defendants.

65.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

66.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendants will likely continue their wrongful

---

[23] US Department of Health and Human Services, Office for Civil Rights, Data Breach Currently Under Investigation: https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last visited May 5, 2025)

conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for their wrongdoing as asserted herein.

67.    <u>Predominant Common Questions</u>: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

a.    Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b.    Whether Defendants data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c.    Whether Defendants storage of Plaintiff and Class Member's Private Information was done in a negligent manner;

d.    Whether Defendants had a duty to protect and safeguard Plaintiff and Class Members' Private Information;

e.    Whether Defendants conduct was negligent;

f.    Whether Defendants conduct violated Plaintiff and Class Members' privacy;

g.    Whether Defendants conduct violated the statutes as set forth herein;

h.    Whether Defendants took sufficient steps to secure their past and present patients Private Information;

i.    Whether Defendants were unjustly enriched; and

j.    The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

68.    Information concerning Defendants policies are available from Defendants records.

69.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

70.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct

for Defendants. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

71.     Given that Defendants have not indicated any changes to their conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

<u>**CAUSES OF ACTION**</u>
**COUNT I**
**NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

72.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 17 and paragraphs 24 through 58 as though fully set forth herein.

73.     Plaintiff brings this claim individually and on behalf of the Class Members.

74.     Defendants knowingly collected, came into possession of, and maintained Plaintiff and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

75.     Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff and Class Members' Private Information.

76.     Defendants had, and continues to have, a duty to timely disclose that Plaintiff and Class Members' Private Information within their possession was compromised and precisely the types of information that were compromised.

77.     Defendants owed a duty of care to Plaintiff nd Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, HIPAA, and other requirements discussed herein, and to ensure that their systems and networks, and the personnel responsible for them, adequately protected individuals' Private Information.

78.     Defendants' duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendants and their patients. Defendants are in a position to ensure that their systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a data breach.

79.     Defendants' duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendants are bound by industry standards to protect confidential Private Information.

80.     Defendants breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff and Class Members' Private Information.

81.     The specific negligent acts and omissions committed by Defendants include, but are not limited to, the following:

  a.  Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff and Class Members' Private Information;

  b.  Failing to adequately monitor the security of their networks and systems; and

  c.  Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

82.     Defendants, through their actions and/or omissions, unlawfully breached their duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff and Class Members' Private Information within Defendants possession.

83.     Defendants, through their actions and/or omissions, unlawfully breached their duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff and Class Members' Private Information.

84.     Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendants possession might have been compromised and precisely the type of information compromised.

85.     Defendants breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other industry guidelines. In violation of 15 U.S.C. § 45, Defendants failed to implement proper data security procedures to adequately and reasonably protect Plaintiff and Class Members' Private Information. In violation of the FTC guidelines, *inter alia,* Defendants did not protect the Private Information it keeps; failed to properly dispose of personal information that was no longer needed; failed to encrypt information stored on computer networks; lacked the requisite understanding of its networks' vulnerabilities; and failed to implement policies to correct security issues.

86.     It was foreseeable that Defendants failure to use reasonable measures to protect Plaintiff and Class Members' Private Information would result in injury to Plaintiff and Class Members. Further, the breach of security was reasonably foreseeable given the known high frequency of cyberattacks and data breaches.

87.     It was foreseeable that the failure to adequately safeguard Plaintiff and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

88.     Defendants breach of duties owed to Plaintiff and Class Members caused Plaintiff and Class Members' Private Information to be compromised.

89.     But for Defendants negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

90.     As a result of Defendants failure to timely notify Plaintiff and Class Members that their Private Information had been compromised, Plaintiff and Class Members are unable to take the necessary precautions to mitigate damages by preventing future fraud.

91.     As a result of Defendants negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft;

the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services or products that were received without adequate data security.

**COUNT II**
**NEGLIGENCE *PER SE***
**(On Behalf of Plaintiff and the Class)**

92.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 17 and paragraphs 24 through 58 as though fully set forth herein.

93.    Section 5 of the FTC Act, 15 U.S.C. 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by Defendants of failing to use reasonable measures to protect Plaintiff and Class Members' Private Information. Various FTC publications and orders also form the basis of Defendants duty.

94.    Defendants violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Plaintiff and Class Members' Private Information and by failing to comply with industry standards.

95.    Defendants conduct was particularly unreasonable given the nature and amount of Private Information obtained and stored and the foreseeable consequences of a data breach on Defendants systems.

96.    Plaintiff and Class Members are consumers within the class of persons Section 5 of the FTC Act (and similar state statutes) were intended to protect.

97.    Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) was intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security

measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and Class Members.

98.     As a result of Defendants negligence *per se*, Plaintiff and Class Members have been harmed and have suffered damages including, but not limited to: damages arising from identity theft and fraud; out-of-pocket expenses associated with procuring identity protection and restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of the Data Breach.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

99.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 17 and paragraphs 24 through 58 as though fully set forth herein.

100.    Plaintiff and Class Members conferred a benefit upon Defendants by providing Defendants with their Private Information.

101.    Defendants appreciated or had knowledge of the benefits conferred upon themselves by Plaintiff/ Defendants also benefited from the receipt of Plaintiff and Class Members' Private Information.

102.    Under principles of equity and good conscience, Defendants should not be permitted to retain the full value of Plaintiff and the Class Members' Private Information because Defendants failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendants had they known Defendants would not adequately protect their Private Information.

103.    Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by them because of their misconduct and the Data Breach they caused.

## COUNT IV
## BREACH OF IMPLIED CONTRACT
### (On Behalf of Plaintiff and the Class)

104.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 17 and paragraphs 24 through 58 as though fully set forth herein.

105.    Plaintiff and the Class provided and entrusted their Private Information to Defendants. Plaintiff and the Class provided their Private Information to Defendants as part of Defendants regular business practices.

106.    In so doing, Plaintiff and the Class entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class if their data had been breached and compromised or stolen, in return for the business services provided by Defendants. Implied in these exchanges was a promise by Defendants to ensure that the Private Information of Plaintiff and Class Members in their possession was secure.

107.    Pursuant to these implied contracts, Plaintiff and Class Members provided Defendants with their Private Information. In exchange, Defendants agreed to, among other things, and Plaintiff and the Class understood that Defendants would: (1) provide services to Plaintiff sand Class Members'; (2) take reasonable measures to protect the security and confidentiality of Plaintiff and Class Members' Private Information; and (3) protect Plaintiff and Class Members' Private Information in compliance with federal and state laws and regulations and industry standards.

108.    Implied in these exchanges was a promise by Defendants to ensure the Private Information of Plaintiff and Class Members in their possession was only used to provide the

agreed-upon reasons, and that Defendants would take adequate measures to protect Plaintiff and Class Members' Private Information.

109.    A material term of this contract is a covenant by Defendants that they would take reasonable efforts to safeguard that information. Defendants breached this covenant by allowing Plaintiff and Class Members' Private Information to be accessed in the Data Breach.

110.    Indeed, implicit in the agreement between Defendants and Plaintiff and Class Members was the obligation that both parties would maintain information confidentially and securely.

111.    These exchanges constituted an agreement and meeting of the minds between the parties.

112.    When the parties entered into an agreement, mutual assent occurred. Plaintiff and Class Members would not have disclosed their Private Information to Defendants but for the prospect of utilizing Defendants services. Conversely, Defendants presumably would not have taken Plaintiff and Class Members' Private Information if they did not intend to provide Plaintiff and Class Members with its services.

113.    Defendant was therefore required to reasonably safeguard and protect the Private Information of Plaintiff and Class Members from unauthorized disclosure and use.

114.    Plaintiff and Class Members would not have entrusted their Private Information to Defendant in the absence of their implied contracts with Defendant and would have instead retained the opportunity to control their Private Information.

115.    Defendants breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff and Class Members' Private Information.

116.    Defendants' failure to implement adequate measures to protect the Private Information of Plaintiff and Class Members violated the purpose of the agreement between the parties.

117.    As a proximate and direct result of Defendants breaches of their implied contracts with Plaintiff and Class Members, Plaintiff and the Class Members suffered damages as described in detail above.

**COUNT V**
**BREACH OF CONFIDENCE**
**(On Behalf of Plaintiff and the Class)**

118.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 17 and paragraphs 24 through 58 as though fully set forth herein.

119.    At all times during Plaintiff and Class Members' interactions with Defendants, Defendants were fully aware of the confidential and sensitive nature of Plaintiff and Class Members' Private Information that Plaintiff and Class Members entrusted to Defendants.

120.    As alleged herein and above, Defendants relationship with Plaintiff and the Class was governed by terms and expectations that Plaintiff and the Class Members' Private Information would be collected, stored, and protected in confidence, and would not be disclosed to unauthorized third parties.

121.    Plaintiff and the Class entrusted Defendants with their Private Information with the explicit and implicit understandings that Defendants would protect and not permit the Private Information to be disseminated to any unauthorized third parties.

122.    Plaintiff and the Class also entrusted Defendants with their Private Information with the explicit and implicit understandings that Defendants would take precautions to protect that Private Information from unauthorized disclosure.

123.    Defendants voluntarily received Plaintiff and Class Members' Private Information in confidence with the understanding that their Private Information would not be disclosed or disseminated to the public or any unauthorized third parties.

124.    As a result of Defendants failure to prevent and avoid the Data Breach from occurring, Plaintiff and Class Members' Private Information was disclosed and misappropriated to unauthorized third parties beyond Plaintiff and Class Members' confidence, and without their express permission.

125.    As a direct and proximate cause of Defendants actions and omissions, Plaintiff and the Class have suffered damages.

126.    But for Defendants disclosure of Plaintiff and Class Members' Private Information in violation of the parties' understanding of confidence, their Private Information would not have been compromised, stolen, viewed, accessed, and used by unauthorized third parties. Defendants Data Breach was the direct and legal cause of the theft of Plaintiff and Class Members' Private Information as well as the resulting damages.

127.    The injury and harm Plaintiff and the Class suffered was the reasonably foreseeable result of Defendants unauthorized disclosure of Plaintiff and Class Members' Private Information. Defendants knew or should have known their methods of accepting and securing Plaintiff and Class Members' Private Information was inadequate as it relates to, at the very least, securing servers and other equipment containing Plaintiff and Class Members' Private Information.

128.    As a direct and proximate result of Defendants breach of their confidence with Plaintiff and the Class, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) identity theft; (ii) the loss of the opportunity how their Private Information is used; (iii) the compromise, publication, and/or theft of their Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual

present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Private Information, which remain in Defendants possession and is subject to further unauthorized disclosures so long as Defendants fails to undertake appropriate and adequate measures to protect the Private Information of current and former patients; and (viii) present and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

129.    As a direct and proximate result of Defendants breaches of confidence, Plaintiff and the Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a)    For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and her counsel as Class Counsel;

(b)    For an order declaring that Defendants conduct violates the laws referenced herein;

(c)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)    For damages in amounts to be determined by the Court and/or jury;

(e)    For an award of statutory damages or penalties to the extent available;

(f)    For pre-judgment interest on all amounts awarded;

(g)    For an order of restitution and all other forms of monetary relief; and

(h)    Such other and further relief as the Court deems necessary and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: May 14, 2025

By: _____
Benjamin F. Johns (PA ID #201373)
Samantha E. Holbrook (PA ID# 311829)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawyers.com

Mariya Weekes (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
201 Sevilla Ave, 2nd floor
Coral Gables, FL 33134
Tel: (786) 879-8200
Email: mweekes@milberg.com

*Attorneys for Plaintiff and the Proposed Class*

# EXHIBIT 1

CDHA Management, LLC and Spark DSO, LLC dba Chord Specialty Dental Partners
c/o Cyberscout
PO Box 1286
Dearborn, MI 48120-9998



PLIZWA00501695
Parent or Guardian of

██████████████████████

March 14, 2025

Dear Parent or Guardian of ████████

CDHA Management, LLC and Spark DSO, LLC dba Chord Specialty Dental Partners ("Chord") write to inform you of an incident that may have involved some of your minor's information described below. We take the privacy and security of all information in our care seriously. While there is no indication that any information has been misused, we are providing information about the event and steps you can take to help protect your minor's information, should you feel it is appropriate to do so.

**What Happened**: On or about September 11, 2024, Chord discovered suspicious activity related to an employee's email account. Upon discovery, Chord took immediate action to secure the account and engaged a team of third-party specialists to investigate the incident. The investigation determined that an unauthorized individual had gained access to a few employees' email accounts for a limited time between August 19, 2024, and September 25, 2024. Chord then reviewed the contents of the email accounts to determine the types of information contained therein and to whom that information related. On February 19, 2025, following a thorough review, Chord confirmed that a limited amount of personal information may have been accessed by an unauthorized party in connection with this incident.

**What Information Was Involved**: The potentially accessed information may have included your minor's name in combination with health insurance information.

**What We Are Doing**: Chord has taken steps to address the event and is committed to protecting the information entrusted to its care. Upon learning of this event, Chord took steps to secure the email accounts and undertook a thorough investigation. Chord also implemented additional technical safeguards to further enhance the security of information in its possession and to prevent similar incidents from happening in the future. As an additional safeguard, Chord is offering your minor access to Cyber Monitoring services for you and your minor child for 12-months at no charge. Cyber monitoring will look out for yours and your child's personal data on the dark web and alert you if your personally identifiable information or your child's is found online. These services will be provided by Cyberscout, a TransUnion company specializing in fraud assistance and remediation services.

**What You Can Do**: In addition to enrolling in the complimentary credit monitoring service detailed below, we recommend that you remain vigilant against incidents of identity theft and fraud by reviewing your minor's credit reports/account statements for suspicious activity and to detect errors. If you discover any suspicious or unusual activity on your minor's accounts, please promptly change the password, contact the financial institution or company if applicable, and take any additional steps needed to protect your minor's account. Additionally, please report any suspicious incidents to local law enforcement and/or your state Attorney General.