# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA FIGUEROA,** *on behalf of herself and all others similarly situated, and as parent and natural guardian of A.A., A.F., and A.A.*, <br>　　　　Plaintiff, <br><br>　　v. <br><br>**CDHA MANAGEMENT, LLC, and SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS,** <br>　　　　Defendants. | **CIVIL ACTION** <br><br><br><br> NO.  25-2186 |
| **ROSEANN LABRAKE,** *individually and on behalf of all others similarly situated*, and **E.W.** *by and through her parent and guardian*, <br>　　　　Plaintiffs, <br><br>　　v. <br><br>**CDHA MANAGEMENT, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS, CHORD SPECIALTY DENTAL PARTNERS, and SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS,** <br>　　　　Defendants. | **CIVIL ACTION** <br><br><br><br> NO.  25-2453 |
| **KARICIA CALLUM,** *individually and on behalf of all others similarly situated*, and **S.J.** *by and through her parent and guardian*, <br>　　　　Plaintiffs, <br><br>　　v. <br><br>**CDHA MANAGEMENT, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS, and SPARK DSO, LLC d/b/a CHORD SPECIALTY DENTAL PARTNERS,** <br>　　　　Defendants. | **CIVIL ACTION** <br><br><br><br> NO.  25-2482 |

1

# O R D E R

**AND NOW**, this 22nd day of May, 2025, upon consideration of Defendants' Motions to Consolidate Cases and Appoint Interim Co-Lead Class Counsel (Civil Action No. 25-2186, ECF No. 8; Civil Action No. 25-2453, ECF No. 4; and, Civil Action No. 25-2482, ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions to Consolidate Cases are **GRANTED**.

2. The Clerk of Court is **HEREBY DIRECTED** to **CONSOLIDATE** Civil Action Nos. 25-2453 and 25-2482 under Civil Action No. 25-2186. The docket in Civil Action No. 25-2186 should reflect docket entries consolidated from Civil Action Nos. 25-2453 and 25-2482.

3. The Clerk of Court is **FURTHER DIRECTED** to **MARK** Civil Action Nos. 25-2453 and 25-2482 as **CLOSED** for statistical purposes.

4. All future filings shall be submitted under Civil Action No. 25-2186.

5. Plaintiffs in Civil Action No. 25-2186 **SHALL FILE** an operative, consolidated complaint **on or before June 30, 2025.**

6. Finally, Defendants' Motions to Appoint Benjamin F. Johns, Mariya Weekes, and Richard M. Golomb as Interim Co-Lead Class Counsel are **GRANTED**.[1]

---

[1] Federal Rule of Civil Procedure 23(g)(3) permits District Courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In so doing, the factors enumerated in Rule 23(g)(1), which governs the appointment of class counsel, must be considered. *See In re Vanguard Chester Funds Litig.*, 625 F. Supp.3d 362, 365 (E.D. Pa. 2022); *see also Nelson v. Connexin Software Inc.,* 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023). Those factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed R. Civ. P. 23(g)(4) (explaining that it is the duty of class counsel to "fairly and adequately represent the interests of the class").

Here, the proposed interim co-lead class counsel—Benjamin F. Johns, Mariya Weekes, and Richard M. Golomb—satisfy all four factors and shall be appointed pursuant to Rule 23(g)(3). Starting with factor one, they have conducted appropriate work to advance the case up to this point by, among other things: (a) reviewing consumer communications concerning the alleged data breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope and consequences of the alleged data breach; (d) researching potential claims and anticipated affirmative defenses; and, (e) preparing and filing three separate complaints. Next, Johns, Weekes, and Golomb are familiar with the applicable law governing data breach actions and have served in leadership roles

BY THE COURT:

S/ WENDY BEETLESTONE

_____
**WENDY BEETLESTONE, J.**

---

in recent complex actions in satisfaction of factors two and three.  *See, e.g.*, *Nelson v. Connexin Software Inc.*, Civil Action No. 22-4676 (E.D. Pa.) (appointing Benjamin Johns as co-lead counsel in a data breach class action); *In re. Hot Topic Data Breach Litigation*, Civil Action No. 24-9215 (C.D. Cal.) (appointing Mariya Weekes as co-lead counsel in a consolidated data breach action); *In re. Budeprion XL Marketing & Sales Practs. Litig.*, MDL No. 2107 (E.D. Pa.) (appointing Richard Golomb as Plaintiffs' liaison counsel in a multidistrict litigation proceeding).  Factor four is also satisfied, as counsel and their respective firms maintain that they "are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs."  And regarding a final factor that weighs "counsel's ability to fairly and adequately represent the interests of the class," *see* Fed. R. Civ. P. 23(g)(1)(B), the proposed slate includes two members of the Pennsylvania Bar who have litigated several cases in this judicial district in the last several years.  *Cf. Nelson*, 2023 WL 2721657, at *2 (considering proposed interim class counsel's "presence in and familiarity with this Court" in making an interim appointment pursuant to Rule 23(g)(3)).

3